UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES MONTE STOGSDILL, <br><br> Petitioner, <br><br> v. <br><br> ROBERT HERZOG. <br><br> Respondent. | CASE NO. C12-5195 RJB-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR:  September 21, 2012 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Respondent argues that this petition is time barred (ECF No. 15). The Court has examined the record and agrees. Accordingly, the Court recommends dismissal of this petition.

REPORT AND RECOMMENDATION - 1

## BASIS FOR CUSTODY

Petitioner pled guilty to one count of rape of a child in the second degree (ECF No. 16, Exhibit 1). Petitioner entered the guilty plea in order to take advantage of a plea agreement and not be charged with additional crimes (ECF No. 16, Exhibit 3). The trial court sentenced petitioner at the top of the standard range -- 136 months to life. The trial court also ordered that petitioner not have contact with minor children (ECF No. 16, Exhibit 1). Petitioner seeks to challenge the portion of his sentence that prevents him from having contact with minor children (ECF No. 1). The facts underlying the crime are not germane to this Report and Recommendation.

## PROCEDURAL HISTORY

The trial court sentenced petitioner on March 31, 2006 (ECF No. 16, Exhibit 4, page 37 of the colloquy). Petitioner filed a direct appeal and the Washington State Court of Appeals denied his appeal on June 12, 2007 (ECF No. 16, Exhibit 8). Petitioner did not file a motion for review in the Washington State Supreme Court and the time for filing a motion for review expired July 12, 2007. Thus, petitioner's conviction became final July 12. 2007. The one-year statute of limitations for filing a habeas corpus petition in federal court began to run. *See* 28 U.S.C. § 2244 (d) (1) (A).

Petitioner filed a motion to modify his sentence fifty-four days after the statute began to run, on September 5, 2007. Petitioner's filing for collateral relief tolled the running of the statute of limitations. *See*, 28 U.S.C. § 2244 (d) (2). The Superior Court denied the motion without holding a hearing (ECF No. 16, Exhibit 12). The Washington State Court of Appeals reversed and remanded with direction to hold a hearing (ECF No. 16, Exhibit 18). The Superior Court then held a hearing and denied the motion to modify (ECF No. 16, Exhibit 21). Petitioner

appealed that denial and the Washington State Court of Appeals affirmed the denial (ECF No. 16, Exhibit 2).

Petitioner then timely filed a motion for discretionary review in the Washington State Supreme Court (ECF No. 16, Exhibit 25). The Washington State Supreme Court denied review on March 1, 2011. The Washington Supreme Court's action ended the collateral review and started the statute of limitations running again.

Petitioner mailed his habeas corpus petition on February 1, 2012 -- three hundred and sixty-four days after the Washington State Supreme Court's denial of collateral review (ECF No. 1). Because fifty-four days of the statute had run before petitioner filed his collateral review, his petition is approximately fifty-three days time barred.

## DISCUSSION

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244 (d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244 (d) states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>     (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>     (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1   Pursuant to 28 U.S.C.A. § 2244 (d) (1) (A), the limitation period begins on the date
2   on which the state court judgment became final by the conclusion of direct review or the
3   expiration of the time for seeking such review.

4   Petitioner's conviction became final on July 12, 2007. This is when the time for filing
5   a motion for discretionary review in the Washington State Supreme Court expired on
6   petitioner's direct appeal. Therefore, the statute began to run on that date.

7   Petitioner tolled the running of the statute fifty-four days later on September 5, 2007
8   by filing a motion to modify his sentence, which is a form of collateral review. Fifty-four
9   days had elapsed and three hundred and eleven days of the one-year limitations period
10  remained available. The statute began to run again on March 1, 2011, when the Supreme
11  Court denied review on petitioner's collateral challenge. Petitioner had to mail his petition on
12  or before January 6, 2012. The petitioner did not mail the petition until February 28, 2012.
13  Therefore, the petition is time barred.

14  Petitioner did not file a traverse and he has not shown that he is entitled to any form of
15  equitable tolling. Petitioner would have the burden of showing both that petitioner pursued his
16  rights diligently, and that "extraordinary circumstances" prevented petitioner's filing. *Pace v.*
17  *DiGuglielmo*, 544 U.S. 408, 418, (2005) (*citing Irwin v. Department of Veterans Affairs*, 498
18  U.S. 89, 96 (1990)). Because petitioner has not shown equitable tolling applies, the Court
19  recommends dismissing the petition as time barred.

20                          CERTIFICATE OF APPEALABILITY

21  A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a
22  district court's dismissal of the federal habeas petition only after obtaining a certificate of
23  appealability from a district or circuit judge. A certificate of appealability may issue only if a
24

petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c) (2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on September 21, 2012, as noted in the caption.

Dated this 22nd day of August, 2012.

_____
J. Richard Creatura
United States Magistrate Judge